The Cumberland Bank of Alleghany *vs.* M'Kinley.

1825.
June.

Cumber and Bank
vs
M'Kinley

An endorser cannot maintain an action on a promissory note payable to order, where the indorsement is in blank.

Appeal from *Allegany* county court. *Assumpsit* on a promissory note by the holder against the payee. The defendant, (now appellee) pleaded *non assumpsit*, and the act of limitations. The writ issued on the 25th of October 1821. At the trial the plaintiffs produced in evidence the following note:

"$5,350.    *Allegany* County, Dec. 28, 1819.

Sixty days after date, I promise to pay *Henry M'Kinley*, or order, five thousand three hundred and fifty dollars, for value received, negotiable and payable at *The Cumberland Bank of Alleghany.*

*James Kinkead.*"

Endorsed "*Henry M'Kinley, Joseph Carter.*"

They also offered in evidence a protest of the said note, made on the 29th of February 1820. They then produced as a witness *John M'Neill,* who it was admitted was, on the 24th day of December 1819, and still was, a notary public of the state of *Maryland,* commissioned and duly qualified, residing in the town of *Cumberland,* and a competent witness in the cause; by whom the plaintiffs proved, that he the said *John M'Neill* was acquainted with the hand writings of *James Kinkead,* the drawer of the note, and *Henry M'Kinley* and *Joseph Carter,* the endorsers, and had frequently seen them write; that he believed that the signatures of the said *James Kinkead,* as drawer, and *Henry M'Kinley* and *Joseph Carter* as endorsers of the note, were in the proper hand writing of the said drawer and endorsers respectively; that the said *John M'Neill,* as notary public, on the 29th day of February 1820, presented the note for payment at *The Cumberland Bank of Alleghany,* and inquired for the said *James Kinkead,* for the purpose of demanding payment, who was not there; that he the said *James Kinkead* did not pay the said note, nor did *Henry M'Kinley* or *Joseph Carter* pay the same; and that he the said *John M'Neill* did then, as notary public aforesaid, protest said note for nonpayment, as by the protest appeared. The plaintiffs farther proved by the same witness, that ever since his appointment as notary public, it was his uniform practice to give notice of nonpayment to endorsers, living out of *Cumberland,* by letters addressed to them by the next mail after the protest, to the post-office

1825.

Cumberland Bank
vs
M'Kinley

nearest the residence of the parties; that he believes that he never omitted to give regular notice in any case, and that he believed he gave such notice in this case, the defendant living at the time out of the town of *Cumberland;* but that he had no recollection of this transaction separate and distinct from the protest, and from his habit of doing business, and that his belief was founded merely on his habitual mode of doing business as notary, and his sense of duty to give notices. He further stated, that this was the first note ever protested by him. That on the day after the protest in this case, he called on *Matthew Wallace,* the cashier of the bank, and told him the said *Wallace,* he need not give himself the trouble after that time of sending notices, for that he the witness would give notices in all cases; and that from that conversation alone, he believes he obtained from *Wallace,* agent of the defendant, information of the place of residence of the defendant, but that he had no particular recollection of the fact; and that he had not then, and had not now, any personal knowledge of the place of residence of the defendant. On this evidence the defendant prayed the court to direct the jury, that the plaintiffs were not entitled to recover, which direction the court, [*Buchanan,* Ch. J. and *T. Buchanan,* A. J.] gave. The plaintiffs excepted; and the verdict and judgment being for the defendant, they appealed to this court.

The cause was about to be argued before BUCHANAN, Ch. J. EARLE, MARTIN, STEPHEN, and ARCHER, J. by

*Jones* and *Speed,* for the Appellants; and by

*Taney,* for the Appellee;

When it appearing that the endorsements on the note were in blank;

THE COURT, upon that ground only, without examining or deciding any other point in the cause, affirmed the judgment of the court below. *(a.)*

JUDGMENT AFFIRMED.

*(a)* *Day, et al. vs. Lyon, ante* 140; and *Hudson vs. Goodwin,* 5 *Harr. and Johns.* 115.